UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JESSE HEBERT            )
                        )
v.                      )           NO. 2:05-CV-131
                        )
JERRY GALYON            )
                        )

**MEMORANDUM OPINION**

The debtor, Jesse Hebert, has appealed the dismissal of his Chapter 7 bankruptcy petition for lack of good faith pursuant to 11 U.S.C. § 707(a). The United States Bankruptcy Court dismissed the debtor's bankruptcy petition following a hearing in which only the debtor and Jerry Galyon, a creditor who filed the motion to dismiss the debtor's petition, testified.

The debtor is a young physician, specializing in anesthesiology, who had expanded his business into the operation of a walk-in health clinic, called MediCenter, and the operation of medical spas which he referred to as MediSpas. The debtor obtained funds to assist him in the purchase of the MediCenter from Jerry Galyon in May, 2002. Mr. Gaylon then signed as co-maker with the debtor on two unsecured loans, upon which they were both personally liable, one from Sevier County Bank and one from Mountain National Bank in the amounts of $25,000.00 and $200,000.00 respectively. The first $50,000.00 of the proceeds

of the loans were used to repay Mr. Gaylon's earlier loan to the debtor. Dr. Hebert then set up MediCenter as a Tennessee professional limited liability corporation, and in return for Mr. Galyon being a co-signor on the loans, conveyed to Mr. Gaylon a 49% ownership interest in MediCenter.

For various reasons, including embezzlement by an employee and Dr. Hebert's withdrawal of a salary, even when there were insufficient funds to cover the business' debts, MediCenter did not prove to be a financial success. The MediSpas were never profitable, closing within a few months after they were opened.

Dr. Hebert shut down the MediCenter in late October 2003. Soon afterwards, Mountain National Bank and Sevier County Bank began demanding payment from him on the two loans upon which he and Mr. Gaylon were personally indebted. The debtor filed a Chapter 7 petition for personal bankruptcy relief on November 28, 2003. No petition was filed on behalf of the MediCenter, a limited liability company, and the United States Bankruptcy Judge found that the debtor had listed debts of the business in his personal bankruptcy petition, but had not given sufficient information from which to determine which debts were actually owed by him, and which debts were solely owed by the corporation. The Bankruptcy Judge further noted that some proof of claims had

2

been filed on behalf of listed creditors, which indicated that they were owed solely by the business entity.

While the debtor was running the MediCenter and MediSpas, he was also employed with Hamblen Anesthesia PC, providing anesthesiology services to the Morristown/Hamblen County Hospital, with a gross monthly salary of $18,000.00. On the debtor's schedule, he lists total assets of $99,905.00 and total liabilities of $492,288.80. The debtor is single, has no dependents, and his scheduled monthly expenditures leave him an excess monthly income of $8,767.00. His schedules also reflect that in the year proceeding the bankruptcy filing the debtor made gifts of jewelry totaling $16,500.00 to his mother and girlfriend and charitable donations totaling $5,000.00. In the 90 days preceding bankruptcy he also paid creditors sums totaling $27,990.00.

"A bankruptcy court's findings of fact may be set aside on appeal only if they are clearly erroneous." *In re Zick*, 931 F. 2d 1124, 1128 (6th Cir. 1991); *see Fed. R. Bankr. Pro.* 8013. A bankruptcy court's conclusions of law are reviewed *de novo*. After reviewing the transcript of proceedings before the Bankruptcy Court, and the Bankruptcy's Court's opinion, this Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous.

Title 11, U.S.C. § 707(a) provides:

(a) The court may dismiss a case under this Chapter only after notice and a hearing and only for cause, including --

(1) unreasonable delay by the debtor that is prejudicial to the creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within 15 days or such additional times as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521but only on a motion by the United States trustee.

It is undisputed that none of the three enumerated reasons for dismissal under Section 707(a) applies to this debtor. Nevertheless, the Sixth Circuit has held that the term "including" does not limit the reasons for dismissal under Section 707(a), finding "[W]e are persuaded that there is good authority for the principle that lack of good faith is a valid basis of decision in a 'for cause' dismissal by a bankruptcy court." *In re Zick*, 931 F. 2d 1124 (6th Cir. 1991). "The facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases." *Id.* at 1127. "Dismissal based on a lack of good faith must be undertaken on an ad hoc basis." *Id.* at 1129. "A bankruptcy court decision to dismiss pursuant to 11 U.S.C. § 707(a) will be reversed only for abuse of discretion." *Id.* at 1126.

4

In determining whether a case should be dismissed under § 707(a) for lack of good faith, factors that courts should consider include:

1. The debtor reduced his creditors to a single creditor in the months prior to filing the petition.

2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle.

3. The debtor filed the case in response to a judgment pending litigation, or collection action; there is an intent to avoid a large single debt.

4. The debtor made no effort to repay his debts.

5. The unfairness of the use of Chapter 7.

6. The debtor has sufficient resources to pay his debts.

7. The debtor is paying debts to insiders.

8. The schedules inflate expenses to disguise financial well-being.

9. The debtor transferred assets.

10. The debtor is over-utilizing the protection of the Code to the unconscionable detriment of creditors.

11. The debtor employed a deliberate and persistent pattern of evading a single major creditor.

12. The debtor failed to make candid and full disclosure.

13. The debts are modest in relation to assets and income.

> 14. There are multiple bankruptcy filings or other procedural "gymnastics."

*In re Spagnolia*, 199 B.R. 362, 365 (W.D. Ky. 1995).

With regard to these factors, the bankruptcy court specifically found that no evidence was presented that factors 1, 7, 9 and 14 were present. Additionally, the court found, as to factor 12, that the debtor had fully disclosed his financial condition, but indicated that the court was troubled over the debtor's inclusion of MediCenter's debts and assets in his schedule, which made it impossible for the court to accurately determine his actual indebtedness.

The bankruptcy court found that factor 6 was present, the debtor having sufficient resources to pay his debts, noting that when the debtor filed his bankruptcy petition, he admitted in his schedules that he had excess disposable income of $8,767.00 per month. The court further noted that, at least to some extent, factor 8 was present, that is, expenses were inflated to disguise financial well being, finding expenditures for an unmarried individual with no dependents of $1,000.00 per month for rent, $750.00 per month for food, and $200.00 per month for clothing unusual. Likewise, these seemingly large expenditures could also go to factor 2 that is failing to make lifestyle adjustments or continuing to live an expansive or lavish lifestyle.

Also relevant on the issue of lifestyle adjustments were the expensive

6

gifts of jewelry he made to his mother and girlfriend in the few months prior to the filing of his bankruptcy petition. These lavish gifts, in light of the debts of the defendant, also bear on the issue of factor 4, the debtor's efforts to repay his debts. While the debtor did make some payments to creditors in the months preceding bankruptcy, the evidence certainly supports the bankruptcy judge's finding that in light of the debtor's income, and the expensive gifts he was making, he made little effort to pay his debts. The evidence before the Bankruptcy Court also supported the finding that given the debtor's income, the debtor had the ability to pay his debts, and his debts were modest in relation to his assets and income, meeting factors 6 and 13.

      Finally, the Bankruptcy Court concluded that the debtor's use of Chapter 7 met factor 5 and that his utilization of bankruptcy was unfair given his particular circumstances. The evidence reflected that the defendant agreed to operate and supervise the MediCenter even though he was already committed full time to an anesthesiology practice, and despite being spread thin decided to open and supervise the MediSpas. The debtor made no attempt to sell either business or even meet with the co-owner about resolving the financial problems. Finally, the debtor closed the clinic without consulting his business partner, and went on vacation, leaving it up to a third party to inform his partner of the business'

7

closure. Then, the debtor quit his lucrative job at the anesthesiology practice to return to Texas despite not having solidified any other offers of employment.

The debtor urges the Court to find that the Bankruptcy Court erred in relying upon *Spagnolia,* urging the Court to find that this case is a business case, and should be treated different than *Spagnolia*, a consumer case. What the debtor ignores is that the same principles were applied in *Zick*, which was as much a business case as the present case as well as *In re Merritt*, 211 F. 3d 1269, 2000 W.L. 420681 (6th Cir. 2000). Further, the debtor filed this case as a personal case and has not sought bankruptcy protection for the corporation.

In conclusion, it is the opinion of this Court that, after a careful review of the record before it, the Bankruptcy Court applied the appropriate legal standard. Further, this Court cannot find that the United States Bankruptcy Judge abused her discretion in finding that the debtor's Chapter 7 petition was not filed in good faith based upon the totality of the circumstances. Accordingly, the opinion of the Bankruptcy Court will be **AFFIRMED**.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

8

Case 2:05-cv-00131 Document 8 Filed 12/21/05 Page 8 of 8 PageID #: 8